```
 1  KAREN P. HEWITT
    United States Attorney
 2  DAVID M. McNEES
    Special Assistant U.S. Attorney
 3  California State Bar No. 216612
    Federal Office Building
 4  880 Front Street, Room 6293
    San Diego, California 92101-8893
 5  Telephone: (619) 557-5979
    E-mail: david.mcnees@usdoj.gov
 6
    Attorneys for Plaintiff
 7  United States of America
```

FILED
07 DEC 12 AM 10:37
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. '07 CV 2322 BTM CAB |
| Plaintiff, | COMPLAINT FOR FORFEITURE |
| v. | |
| ONE RESIDENTIAL PROPERTY LOCATED AT 60795 RIMROCK CANYON ROAD, ANZA, CA, AND ALL IMPROVEMENTS AND APPURTENANCES AFFIXED THERETO, | |
| Defendant. | |

1. For its claim against the defendant real property, One Residential Property Located at 60795 Rimrock Canyon Road, Anza, CA, and All Improvements and Appurtenances Affixed Thereto ("defendant property"), more particularly described as:

**ASSESSORS PARCEL NO. 557-270-045-1,**

and legally described in Exhibit "A," attached hereto,

the United States of America alleges:

2. This Court has jurisdiction under Title 28, United States Code, Sections 1345 and 1355, Title 21, United States Code, Section 881(a)(7) (forfeiture of property used in any manner to commit or facilitate the commission of an illegal controlled substances offense) and Title 18, United States Code, Section 985 (civil forfeiture of real property).

//

DMM:mia:2007V00646

3. Venue is proper pursuant to Title 28, United States Code, Section 1395 because many of the acts giving rise to the forfeiture of the defendant real property to the United States occurred within the Southern District of California. Further, there is a pending related County of San Diego, State of California criminal prosecution against Harold Cardenas ("CARDENAS"), the title holder of the defendant property, and his associate Charles French ("FRENCH"), for the crimes associated with marijuana grows described herein.

4. On 9/17/07, a DEA agent, while flying in a helicopter, observed marijuana plants being grown and cultivated in the northeast corner of San Diego County. The marijuana plants were being concealed in the brush and trees, approximately 4.0 miles east of the Twin Lakes area of San Diego County. The marijuana plants appeared to be growing on public land, controlled by either the Bureau of Land Management (BLM) or the California State Parks.

On 9/18/07, the DEA agent contacted a BLM officer and advised him of the discovery of the marijuana plants and the marijuana grow site's location. The BLM officer researched the location of the marijuana grow site through BLM logistical support and determined it to be on public lands, in San Diego County. The agent therefore requested the assistance of BLM officers.

On 9/20/07, after a briefing between the San Diego Integrated Narcotics Task Force (NTF) and BLM, officers drove to the marijuana grow site. Officers located 675 marijuana plants at the site. The majority of the marijuana plants were being watered/hydrated by a drip irrigation system attached to a central water line.

In investigating the marijuana grow site, an agent noted that the central water line went north from the marijuana grow site towards a residence, later identified as 60795 Rimrock Canyon Road, Anza, County of Riverside, California (the defendant property). While officers were following the path and the central water line, they observed a person later identified as Harold CARDENAS walk from the upper area of 60795 Rimrock Road to the lower area.

An agent followed the well-worn path north towards the defendant property, noting that the water line basically paralleled the path, which was definitely manmade and not natural. The path was made in such a way that it was intended to be concealed from ground and aerial observation.

The agent conducted a brief visual check of an outbuilding/shed from the outside, and saw marijuana plants inside through a fan housing. Since there appeared to be no one inside the outbuilding/shed the officers walked north on a driveway/path from the lower portions of the defendant property to the main residential area. The upper area contained a single-story modular home, cars and trailers. As the officers were attempting to make contact at the residence, they observed CARDENAS in the heavy brush north of the residence. CARDENAS was contacted and detained pending the investigation. During the initial contact, CARDENAS identified himself as the owner and sole occupant of the defendant property.

At short time later, Charles FRENCH arrived at the property. He was also detained pending the investigation.

On 9/20/07, pursuant to a valid California State search warrant, agents searched the outbuilding/shed located at the defendant property. They found a large indoor marijuana growing operation. The outbuilding/shed had been altered to facilitate the cultivation of marijuana with air conditioning units and powered vents mounted in the walls. House fans were in place to assist with heat and humidity control. The fans and air conditioning units were set up on timers, allowing them to be activated automatically, at times set by the marijuana grower and/or cultivator. The outbuilding was divided into two rooms with the larger section set up as a vegetative growth room and the smaller section set up as a nursery and storage area.

The larger section contained 334 healthy marijuana plants ranging in height from two to three feet. The marijuana plants were being grown in black plastic pots and were apparently being hand-watered. The smaller section contained a total of 161 marijuana plants; 86 of these were approximately 12 to 18 inches in height, and the remaining 75 were approximately four inches in height. Of the 75 marijuana plants, 63 had a visible root structure and 12 had no visible root structures. The 161 marijuana plants were being grown in black plastic pots, in Grodan cubes in grow trays and in an E-Z Clone cloning tray. This section was also being used as a storage area containing additional marijuana grow materials.

After securing all evidence from the outbuilding, agents found a second E-Z Cloning tray on the ground along with empty fertilizer bottles. In addition, 368 four-foot marijuana stocks with


attached roots structures were found in the processing area. These plants indicated a previous marijuana grow. In investigating the open area near the outbuilding, agents noted both water and electrical PVC lines, partially buried in the ground, going from the outbuilding up a hill towards the residence and water tanks located on the property.

Agents then searched main residential structure at 60795 Rimrock Canyon Road. In searching the kitchen and the dining room, agents found articles of dominion and control in the name of CARDENAS and a prescription bottle in the name of Charles FRENCH. Also found in this area were marijuana-related items. Located on the dining room table was a backpack containing articles of dominion and control in the name of "CARDENAS" and U.S. currency. In searching the laundry room, agents found dried, processed marijuana and marijuana-related items. The bulk of the dried processed marijuana was removed from the upright freezer located against the south wall.

In searching the master bedroom and attached master bath, located in the northeast corner of the residence, agents found additional dried processed marijuana, a handheld taser, marijuana-related items (including packaging materials, scales and vacuum sealers), articles of dominion and control, and U.S. currency.

Through their training and experience, the agents noted that the marijuana cultivation activity taking place on the public lands, at 60795 Rimrock Canyon Road and in the 60800 block of Rimrock Canyon Road was a commercial venture rather than for personal use. The marijuana cultivation activity was very sophisticated and labor-intensive. Agents estimate that the wholesale street value of the 675 marijuana plants would be approximately $504,000.00 to $840,000.00 on the low end, and $1,011,000.00 to $1,685,000.00 on the high end. Similarly, the 495 marijuana plants being grown by CARDENAS in the outbuilding and/or shed would yield a street sale value of from approximately $369,000.00 to $615,000.00 on the low end to $1,235,000.00 on the high end.

On 9/20/07, CARDENAS and FRENCH were arrested by the Drug Enforcement Administration for cultivating marijuana and are being prosecuted under Case No. SCD209191.

//

5. By virtue of the aforementioned acts and premises alleged herein, either singly or in combination, the defendant property is subject to forfeiture under Title 21, United States Code, Section 881(a)(7).

6. The estimated value of the defendant property is approximately $300,000.

WHEREFORE, pursuant to 18 U.S.C. § 985, the United States does not request authority from the Court to seize the defendant property at this time. The United States will, as provided by 18 U.S.C. § 985(b)(1) and (c)(1):

    a. post notice of this Complaint on the defendant property, and

    b. serve notice of this action on the defendant property owner along with a copy of this Complaint, and

    c. file a lis pendens notice in county records of the defendant property's status as the defendant in this in rem forfeiture action.

The United States will also, as provided in 19 U.S.C. § 1606, appraise the defendant property.

Title 18 U.S.C. § 985(c)(3) provides that, because the United States will post notice of this Complaint on the defendant property, it is not necessary for the Court to issue an arrest warrant <u>in rem</u>, or to take any other action to establish in rem jurisdiction over the defendant property. Title 18 U.S.C. § 985(b)(2) clearly states that "the filing of a lis pendens . . . for the purpose of conducting an inspection and inventory of the property shall not be considered a seizure under this subsection."

DATED: December 12, 2007

KAREN P. HEWITT  
United States Attorney

*David McNees*

DAVID M. McNEES  
Special Assistant U. S. Attorney

EXHIBIT "A"

Parcel A:

Parcel 4 of Parcel Map 19567, in the County of RIVERSIDE, State of California, as per map recorded in Book 123, page(s) 98 and 99, of Parcel Maps, in the office of the County Recorder of Riverside County.

Parcel B:

An easement for ingress and egress and utilities and road purposes in and over a strip of land 60.00 feet in width, being that portion of Parcels 1-5, of Parcel Map 19567 recorded in Book 123, page(s) 98 and 99, of Parcel Maps, Records of Riverside County, California and lying 30.00 feet on each side of the following described center line:

Commencing at the West quarter corner of Section 31, Township 8 South, Range 4 East, San Bernardino Meridian, as shown on said Parcel Map 19567;

Thence South 2° 59' 25" East along the West line of said Parcel Map 19567, a distance of 700.00 feet to the most Southwesterly corner of Parcel 1 of said Parcel Map 19567, point also being the True Point of Beginning;

Thence North 54° 02' 31" East a distance of 386.76 feet;

Thence North 86° 26' 24" East a distance of 713.59 feet;

Thence South 29° 21' 53" East a distance of 157.38 feet;

Thence South 14° 46' 00" East a distance of 275.78 feet;

Thence South 42° 37' 30" East a distance of 88.25 feet;

Thence North 89° 55' 10" East a distance of 94.33 feet;

Thence South 87° 35' 09" East a distance of 249.98 feet;

Thence North 81° 46' 35" East a distance of 83.07 feet;

Thence North 76° 35' 22" East a distance of 221.76 feet;

Thence South 60° 54' 32" East a distance of 168.06 feet;

Thence South 33° 07' 04" East a distance of 234.91 feet;

Thence South 6° 44' 47" East a distance of 244.49 feet;

Thence South 25° 12' 12" East a distance of 71.99 feet;

Thence South 41° 21' 59" East a distance of 116.95 feet;

Thence South 16° 31' 32" East a distance of 117.61 feet;

EXHIBIT "A" Continued

Thence South 35° 37' 57" West a distance of 149.81 feet;

Thence South 30° 08' 27" West a distance of 316.72 feet;

Thence South 87° 01' 10" West a distance of 360.00 feet;

Thence North 82° 29' 22" West a distance of 493.10 feet;

Thence North 43° 40' 24" West a distance of 356.62 feet;

Thence North 20° 50' 49" West a distance of 273.95 feet;

Thence North 45° 26' 28" West a distance of 161.91 feet;

Thence North 19° 23' 55" West a distance of 130.31 feet;

Thence North 6° 07' 50" West a distance of 158.32 feet;

Thence North 40° 30' 50" West a distance of 129.86 feet;

Thence South 61° 16' 49" West a distance of 238.56 feet;

Thence North 78° 38' 11" West a distance of 171.45 feet;

Thence South 83° 51' 29" West a distance 225.84 feet to the West line of said Parcel Map 19567;

Thence North 2° 59' 25" West along the West line of said Parcel Map 19567 a distance of 380.00 feet to the True Point of Beginning.

The side lines of the above described 60 foot strip shall be prolonged or shortened to terminate in the boundary of the lands of the said Parcel Map 19567.

Excepting therefrom an easement for ingress and egress and utilities and road purposes in and over a strip of land 60.00 feet in width, being that portion of Parcel 4 of Parcel Map 19567 recorded in Book 123, page(s) 98 and 99 of Parcel Maps, Records if Riverside County, California and lying 30.00 feet on each side of the following described center line:

Commencing at the West quarter corner of Section 31, Township 8 South, Range 4 East, San Bernardino Meridian, as shown on said Parcel Map 19567;

Thence South 2° 59' 25" East along the West line of Parcel Map 19567, a distance of 700.00 feet to the most Southwesterly corner of Parcel 1 of said Parcel Map 19567;

Thence North 54° 02' 31" East a distance of 386.76 feet;

Thence North 86° 26' 24" East a distance of 713.59 feet;

Thence South 29° 21' 53" East a distance of 157.38 feet;

2

EXHIBIT "A" Continued

Thence South 14° 46' 00" East a distance of 275.78 feet;

Thence South 42° 37' 30" East a distance of 88.25 feet;

Thence North 89° 55' 10" East a distance of 94.33 feet;

Thence South 87° 35' 09" East a distance of 249.98 feet;

Thence North 81° 46' 35" East a distance of 83.07 feet;

Thence North 76° 35' 22" East a distance of 221.76 feet;

Thence South 60° 54' 32" East a distance of 168.06 feet;

Thence South 33° 07' 04" East a distance of 234.91 feet;

Thence South 6° 44' 47" East a distance of 244.49 feet;

Thence South 25° 12' 12" East a distance of 71.99 feet;

Thence South 41° 21' 59" East a distance of 116.95 feet;

Thence South 16° 31' 32" East a distance of 117.61 feet;

Thence South 35° 37' 57" West a distance of 149.81 feet;

Thence South 30° 08' 27" West a distance of 316.72 feet;

Thence South 87° 01' 10" West a distance of 360.00 feet;

to the True Point of Beginning.

Thence North 82° 29' 22" West a distance of 493.10 feet;

Thence North 43° 40' 24" West a distance of 356.62 feet;

Thence North 20° 50' 49" West a distance of 273.95 feet;

Thence North 45° 20' 28" West a distance of 161.91 feet;

Thence North 19° 23' 55" West a distance of 130.31 feet;

Thence North 6° 07' 50" West a distance of 158.32 feet;

Thence North 40° 30' 50" West a distance of 129.86 feet;

Thence South 61° 16' 49" West a distance of 238.56 feet;

Thence North 78° 38' 11" West a distance of 171.45 feet;

Thence South 83° 51' 29" West a distance 225.84 feet to the West line of said Parcel Map 19567;

3

## EXHIBIT "A" Continued

The side lines of the above described 60 foot strip shall be prolonged or shortened to terminate in the boundary of the lands of Parcel 4 of said Parcel map 19567.

## VERIFICATION

I, Cary H. Dressler, hereby state and declare as follows:

1. I am a Task Force Officer with the Drug Enforcement Administration.

2. I have read the foregoing complaint and know its contents.

3. The information in the complaint was furnished by official government sources.

Based on this information, I believe the allegations in the complaint to be true.

I declare under penalty of perjury that the foregoing is true and correct, to the best of my knowledge and belief.

Executed on 12/12/07

CARY H. DRESSLER, Task Force Officer
Drug Enforcement Administration

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**

UNITED STATES OF AMERICA

**DEFENDANTS**

'07 CV 2322 BTM CAB

ONE RESIDENTIAL PROPERTY LOCATED AT 60795 RIMROCK CANYON ROAD, ANZA, CA

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

SAUSA DAVID M. McNEES
880 FRONT STREET, ROOM 6293
SAN DIEGO, CA 92101-8893
(619) 557-5979

**ATTORNEYS (IF KNOWN)**

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

- ☒ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|   | PT | DEF |   | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).

TITLE 21, UNITED STATES CODE, SECTION 881(a)(7)

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury- Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC | ☐ 410 Antitrust |
| ☐ Marine | ☐ 315 Airplane Product | | ☒ 625 Drug Related of Property 21 USC881 | PROPERTY RIGHTS | ☐ 430 Banks and Banking |
| ☐ Miller Act | | ☐ 365 Personal Injury - Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce/ICC |
| ☐ Negotiable Instrument | ☐ 320 Assault, Libel & | | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 150 Recovery of &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Product Liability | ☐ 640 RR & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced Corrupt Organizations |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs | SOCIAL SECURITY | |
| ☐ 152 Recovery of Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | PERSONAL PROPERTY | ☐ 660 Occupational | ☐ 861 HIA (13958) | ☐ 810 Selective Service |
| | | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 862 Black Lung (923) | ☐ 850 Exchange |
| ☐ 153 Recovery of of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | LABOR | ☐ 863 DIWC/DIWW (405(g)) | |
| | ☐ 355 Motor Vehicle Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards | ☐ 864 SSID Title XVI | ☐ 875 Customer Challenge |
| ☐ 160 Stockholders Suits | | | 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ Other Contract | ☐ 360 Other Personal | ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt. Disclosure Act | FEDERAL TAX SUITS | ☐ 892 Economic |
| ☐ 195 Contract Product | | | | ☐ 870 Taxes (U.S. or Defendant) | ☐ 893 Environmental |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | | ☐ 894 Energy Allocation |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Habeas Corpus | ☐ 790 Other Labor | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 895 Freedom of |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 900 Appeal of Fee Under Equal Access to |
| ☐ 230 Rent Lease & | ☐ 443 | ☐ 530 General | | | |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of |
| ☐ 245 Tort Product | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory |
| ☐ 290 All Other Real | | ☐ 550 Civil Rights ☐ 555 Prisoner Conditions | | | |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removal from State Court
- ☐ 3 Remanded from Appelate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23

**DEMAND $**

Check YES only if demanded in complaint:
**JURY DEMAND:** ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY** (See    JUDGE                                    Docket Number

DATE: 12/12/07

SIGNATURE OF ATTORNEY OF RECORD
DAVID M. McNEES, SAUSA
/s/ David McNees